UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| GARY DEWAYNE CROSS, | ) | |
| | ) | Case Nos. 1:20-cv-64; 1:18-cr-67 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Gary Dewayne Cross's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-64; Doc. 57 in Case No. 1:18-cr-67). For the following reasons, Petitioner's motion will be **DENIED**.

**I. BACKGROUND**

On October 11, 2017, Lee Wolff, an officer in the Chattanooga Police Department, executed an affidavit for a search warrant. (Doc. 1 in Case No. 1:20-cv-64, at 31.) In the affidavit, Wolff averred that a confidential informant advised him Petitioner was selling marijuana from his residence. (*Id*. at 32.) According to the warrant affidavit, Wolff further corroborated the confidential informant's information by having the confidential informant make at least two controlled buys from Petitioner's residence. (*Id*.) Based on Wolff's affidavit, a judge issued a search warrant authorizing the search of Petitioner's residence "for evidence of MARIJUANA" and authorizing officers to seize, among other things, "illegal drugs and drug paraphernalia" and "firearms and ammunition and other such tools of the trade of the drug

trafficking business used by drug traffickers for the protection of their assets and their drugs." (*Id*. at 28–29.)

According to an incident report authored by Wolff, officers executed the search warrant on October 12, 2017. (*Id*. at 36.) During the search, officers found, among other things, three loaded firearms, approximately 30.4 grams of marijuana, three sets of digital scales, a money counter, a vacuum sealer, vacuum bags, and over $1000.00 in cash. (*Id*.)

On May 22, 2018, a grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:18-cr-67.) On January 29, 2019, the Government filed a two-count superseding information, charging Petitioner with: (1) possession of a firearm as a convicted felon; and (2) possession of a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).[1] (Doc. 32 in Case No. 1:18-cr-67.)

According to Petitioner, he went to his attorney's office on March 6, 2019, "to discuss whether there was any other course of action that [he] could take rather than pleading guilty to the § 924(c) charge." (Doc. 1 in Case No. 1:20-cv-64, at 26.) Petitioner avers that his attorney told him there were no alternatives to pleading guilty and there was "no valid constitutional claims" he could raise before pleading guilty, even though he told her that he "never sold drugs, and [he] surely never sold drugs and had a weapon while [he] did it." (*Id*.) Petitioner further avers that his attorney did not explain to him what the Government would have to prove at trial to convict him of possessing a firearm in furtherance of a drug-trafficking crime. (*Id*.)

---

[1] In the superseding information, the Government specifically alleged that Petition possessed a firearm in furtherance of possession with the intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). (Doc. 32 in Case No. 1:18-cr-67.)

Nonetheless, based on his attorney's advice, Petitioner entered into a plea agreement, in which he agreed to plead guilty to possessing a firearm in furtherance of a drug-trafficking crime.[2] (Doc. 36 in Case No. 1:18-cr-67.) In the plea agreement, Petitioner agreed and stipulated to the following facts which supported his guilty plea:

> a. On October 12, 2017, the Chattanooga Police Department ("CPD") Narcotics unit executed a search warrant on the [Petitioner's] residence, which was based on controlled purchases of marijuana from the residence. The defendant was leaving the residence when CPD arrived, and he provided the key for CPD to enter the house. In the master bedroom, behind the door, CPD found a loaded WASR-10 7.62 Rifle with two fully loaded magazines taped together. CPD also found assorted ammunition, including 7.62 rounds, and the defendant's driver's license in the nightstand along with over $900 and a money counter.
>
> b. In a storage room, CPD found a loaded Mossberg 12 gauge pump shotgun and a vacuum-sealed bag of marijuana (approximately 30.4. grams). This firearm was stolen.
>
> c. In a bedroom, CPD found a loaded AR 15 rifle in a closet as well as .38 ammunition and vacuum-sealed bags, which are commonly used in illegal drug distribution.
>
> d. In the kitchen, CPD found three sets of digital scales and a vacuum sealer, which are also items commonly used in illegal drug distribution.
>
> e. The defendant admits that he knowingly possessed a firearm in furtherance of a drug trafficking crime.
>
> f. All of these events occurred in the Eastern District of Tennessee.

(*Id.* at 2–3.) After entering the plea agreement, United States Magistrate Judge Susan K. Lee conducted a change-of-plea hearing. (*See* Doc. 38 in Case No. 1:18-cr-67.) During the change-of-plea hearing, and while under oath, Petitioner represented that he: (1) had adequate time to discuss his case with his attorney and that he was satisfied with her representation (Doc. 58, at 13 in Case No. 1:18-cv-67); (2) discussed the charges in the superseding bill of information with his

---

[2] Petitioner waived his right to be indicted by a grand jury. (Doc. 40 in Case No. 1:18-cr-67.)

attorney (*Id*. at 5); (3) had adequate time and opportunity to discuss his revised plea agreement with his attorney (*Id*. at 13); and (4) understood the terms of the revised plea agreement (*Id*.). Magistrate Judge Lee also had the Government summarize the factual basis from Petitioner's revised plea agreement and then asked him if he agreed with the Government's summary. (*Id*. at 23–25.) Petitioner responded that he agreed. (*Id*. at 25.) He further represented that his attorney carefully reviewed the factual basis contained in his revised plea agreement and that he agreed that the factual basis was true and accurate in all respects. (*Id*.) The undersigned later accepted Petitioner's guilty plea and adjudged him guilty. (Doc. 45 in Case No. 1:18-cr-67).

On July 16, 2019, the Court sentenced Petitioner to ninety-six months' imprisonment, to be followed by three years of supervised release. (Doc. 54 in Case No. 1:18-cr-67.) Petitioner did not appeal his conviction or his sentence. On March 5, 2020, Petitioner timely filed a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:20-cv-64; Doc. 57 in Case No. 1:18-cr-67.) In his affidavit in support of the motion, Petitioner avers that, had his counsel adequately explained what the Government would have to prove at trial, he would have proceeded to trial "because [he] knew [he] was innocent, and that the evidence didn't exist." (Doc. 1, at 26 in Case No. 1:20-cv-64.) Petitioner's motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and

establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, in ruling on a motion made pursuant to § 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (citations and internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

In his motion, Petitioner argues that he received ineffective assistance of counsel during the plea process because his attorney: (1) advised him to plead guilty to a crime he did not commit; (2) failed to file a motion to suppress; and (3) advised him to plead guilty even though the prosecutor presented false testimony to the grand jury to obtain his indictment. (Doc. 1 in

5

Case No. 1:20-cv-64, at 7–12.) Petitioner also asserts that he is entitled to relief because the Court did not have subject-matter jurisdiction over him. (*Id.* at 12–14.)

### A. Ineffective Assistance of Counsel

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a petitioner pleads guilty, demonstrating prejudice requires the petitioner to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Additionally, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). A petitioner claiming ineffective assistance of counsel "during plea bargaining, moreover, 'must show that counsel did not attempt

to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *Pough*, 442 F.3d at 966 (quoting *United States v. Cieslowski,* 410 F.3d 353, 358–59 (7th Cir.2005)).

i. ***Advising Petitioner to Plead Guilty***

Petitioner first argues that his counsel was ineffective because she advised him to plead guilty even though the evidence was insufficient to sustain a conviction for possessing a firearm in furtherance of a drug-trafficking crime, under of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 1 in Case No 1:20-cv-64, at 7–9.) Petitioner appears to argue there was insufficient evidence to prove he was engaged in a drug-trafficking crime based on the amount of marijuana seized and that there was insufficient evidence to prove that he possessed the firearms found at the residence "in furtherance" of a drug-trafficking crime. (*Id.*)

Had Petitioner proceeded to trial, the Government would have had to prove that he: (1) possessed a firearm (2) in furtherance of a drug-trafficking crime. *See United States v. Mackey*, 265 F.3d 457, 462 (6th Cir. 2001). To prove the "in furtherance" element, the Government would have had to prove a "specific nexus between the gun and the crime charged," either by showing that the firearm was strategically located so that it is quickly and easily available for use or that Petitioner possessed the firearm to advance, promote, or facilitate the drug-trafficking crime. *Id*.

In this case, Petitioner has failed to demonstrate that counsel performed deficiently by advising him to plead guilty. According to the incident report authored after CPD executed the search warrant at Petitioner's residence:

> On 10/12/2017 at 10:33 hours, Officer L Wolff (60678) responded to a Weapon Law Violations at 1210 South Watkins Street. Chattanooga Narcotic Detectives

executed a search warrant at 1210 South Watkins Street. Detectives confront Mr. Cross as he was coming out of the said residence. Detective Wolff asked Mr. Cross for the keys to the said residence. Cross gave the keys to the residence and then started yelling for his uncle. Detectives then forced entry into the said residence and found the uncle was outside in the back yard tending to the very large dogs. Mr. Cross then stated that he wanted his attorney. Detectives secured both subjects before conducting a search of the said residence. Detectives found the following: three loaded firearms one was a loaded Bush Master AR15, one was a loaded WASR-10 762x39 assault rifle with two mags taped together which were fully loaded, and one was a fully loaded Mossberg 12ga Pump Shotgun serial number T015678 this weapon was reported stolen 11/02/2012. Approximately 30.4 grams of high grade marijuana, three sets of digital scales, miscellaneous ammo, a money counter, vacuum sealer, vacuum bags, prison ID. 1119.00 cash and a[n] old Tennessee Drivers license and a money counter. . . . Mr. Cross was arrested for possession of marijuana for resale; felony possession of a firearm, possession of drug paraphernalia and theft of property for the stolen shotgun.

(Doc. 1 in Case No. 1:20-cv-64.) Importantly, Petitioner does not dispute any of the facts set forth in the incident report. He does not dispute that the CPD found marijuana at his residence or that the CPD recovered firearms and other drug paraphernalia from various locations in the residence. In fact, Petitioner affirmed that these facts are true and accurate in his amended plea agreement and, under oath, at his change-of-plea hearing. (Doc. 36 in Case No. 1:18-cr-67, at 2–3; Doc. 58, at 23–25 in Case No. 1:18-cr-67.) Nonetheless, Petitioner argues he received ineffective assistance of counsel because his counsel advised him to plead guilty even though these facts would have been insufficient to sustain a conviction for possessing a firearm in furtherance of a drug-trafficking offense. But, as the Government correctly notes, such facts, if proven at trial, would have been sufficient for a reasonable jury to convict Petitioner of possessing firearms in furtherance of a drug trafficking offense.[3] *See United States v. Steele*, 919 F.3d 965, 970 (6th Cir. 2019) ( "[A]lthough possession of a firearm in the same premises as the

---

[3] While such facts do not establish that a jury would have convicted Petitioner at trial, such facts, if proven at trial, would have been sufficient for a reasonable jury to find Petitioner guilty. In hindsight, Petitioner may wish that he had proceeded to trial, but his second guessing of his decision to plead guilty does not mean that his counsel performed deficiently.

8
Case 1:20-cv-00064-TRM-SKL   Document 8   Filed 07/17/20   Page 8 of 14   PageID #: 100

drug trafficking activities alone is insufficient to support a conviction under section 924(c), a jury can reasonably infer that firearms which are strategically located so as to provide defense or deterrence in furtherance of the drug trafficking are used in furtherance of a drug trafficking crime."); *United States v. Coffee*, 434 F.3d 887 (6th Cir. 2006) (affirming denial of motion for judgment of acquittal and explaining that a jury can infer intent to distribute a drug from the quantity, as well as the manner and packaging of the drugs and the presence of weapons and equipment for the sale of drugs); *Mackey*, 265 F.3d at 462 (explaining that a jury can consider whether a firearm is strategically located so that it is quickly and easily available for use, whether the firearm was loaded, the type of weapon, the legality of its possession, and the circumstances under which it was found in determining whether a defendant possessed the firearm "in furtherance" of drug trafficking).

Additionally, Petitioner's assertion of ineffective assistance is belied by his representations at the change-of-plea hearing, where, under oath, he stated that he: (1) had adequate time to discuss his case with his attorney and that he was satisfied with her representation (*Id*. at 13); (2) discussed the charges in the superseding bill of information with his attorney (*Id*. at 5); (3) had adequate time and opportunity to discuss his revised plea agreement with his attorney (*Id*. at 13); and (4) understood the terms of the revised plea agreement (*Id*.). Accordingly, counsel's performance did not fall below an objective standard of reasonableness when she advised Petitioner to plead guilty.

ii. *Failing to File a Motion to Suppress*

Petitioner next argues that his counsel was ineffective because she did not file a motion to suppress and advised him to plead guilty even though the CPD violated his Fourth Amendment rights. (Doc. 1 in Case No. 1:20-cv-64, at 9–11.) Specifically, Petitioner argues that his counsel

should have filed a motion to suppress because:  (1) CPD's search exceeded the scope of the warrant; (2) the warrant authorized a search that was too broad in scope; and (3) the search-warrant affiant knowingly and intentionally presented false information to obtain the search warrant.  (*Id*.)

Failure to file a suppression motion may amount to ineffective assistance of counsel, but it is not ineffective assistance *per se*.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  To demonstrate ineffective assistance of counsel based on failure to file a motion to suppress, a petitioner must show that counsel's failure fell below an objective standard of reasonableness.  *Id*.  Additionally, the petitioner must demonstrate that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the outcome would have been different absent the excludable evidence.  *Williams v. United States*, 632 F. App'x 816, 821 (6th Cir. 2015) (citing *Kimmelman*, 477 U.S. at 375).

Petitioner first argues that the search warrant was impermissibly broad because it authorized a search of all persons within the residence, even though the CPD's informant only identified Petitioner as being involved in illegal drug activity.  Even assuming Petitioner is correct that the warrant affidavit did not contain probable cause to search "all persons" in the residence, he has failed to demonstrate that his counsel was deficient by failing to file a motion to suppress or that prejudice resulted.  There is nothing in the record suggesting that CPD found any other person in the residence when it executed the search warrant or that it found incriminating evidence relating to the Petitioner on another person.  Accordingly, Petitioner cannot establish that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's failure to file a motion to suppress based on the search warrant authorizing law enforcement to search "all persons" in the residence.

Petitioner next argues that the search warrant was overly broad because it authorized law enforcement to search for guns and ammunition even though the informant only mentioned purchasing marijuana from Petitioner and did not mention the presence of guns or ammunition in the residence. The United States Court of Appeals for the Sixth Circuit, however, has observed that "firearms are tools of the drug trafficking trade." *United States v. Hornbeak*, 575 F. App'x 618, 621 (6th Cir. 2014) (citing *United States v. Campbell*, 317 F.3d 597, 609 (6th Cir.2003)). As a result, it was not objectively unreasonable for Petitioner's counsel to forego filing a motion to suppress based on the argument that the search warrant was overly broad. Similarly, Petitioner has not demonstrated that a motion to suppress based on the scope of the warrant would have been successful.

Finally, Petitioner argues that his counsel should have moved for a *Franks* hearing because the warrant affiant knowingly and intentionally presented false information to obtain the search warrant. To challenge the sufficiency of an executed search warrant by attacking the veracity of the affidavit supporting the search warrant, a defendant can seek an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). If a defendant contends that the warrant affidavit omitted material facts, he is entitled to a *Franks* hearing "if and only if: (1) the defendant makes a substantial preliminary showing that the affiant engaged in a deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit, and (2) a finding of probable cause would not be supported by the affidavit if the omitted material were to be considered to be a part of it." *Fowler*, 535 F.3d at 415. A defendant is also entitled to a hearing if he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and the allegedly false statement is necessary to the finding of probable cause."

*Franks*, 438 U.S. at 155–56. But a "substantial showing" requires more than conclusory assertions "and must be supported by more than a mere desire to cross-examine." *Id.* at 171.

> There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Id.*

In this case, Petitioner has failed to demonstrate that his counsel's performance fell below an objectively reasonable standard by failing to move for a *Franks* hearing or that the Court would have granted him a *Franks* hearing if his attorney had moved for one. Petitioner has not identified any facts from the affidavit that he contends are false or any material information that was omitted from the affidavit; rather, Petitioner asserts in a conclusory and unsubstantiated fashion that the warrant affidavit must have been fabricated because Officer Wolff's incident report authored after executing the search warrant does "not contain related documents." (Doc. 1, at 10 in Case No. 1:20-cv-64.) The fact that an incident report authored after executing a search warrant did not reference or contain the documents and information used to obtain the underlying search warrant does not mean that the warrant affiant presented false information to obtain the warrant or that the warrant affidavit was fabricated. As a result, Petitioner's conclusory allegations fail to demonstrate that his counsel's performance fell below an objectively reasonable standard by failing to move for a *Franks* hearing or that the Court would have granted him a *Franks* hearing if his attorney had moved for one.

      iii. ***Failing to Challenge the Indictment***

Finally, Petitioner argues that the Court should vacate his conviction and sentence because his attorney advised him to plead guilty even though the indictment was obtained based

on false testimony from the prosecutor. Although not entirely clear, Petitioner appears to argue that the Government lacked probable cause to indict him because the State of Tennessee dismissed charges against him based on the same underlying conduct on January 25, 2018, approximately five months before he was indicted on federal charges. Petitioner's argument, however, fails for two reasons. First, under the dual-sovereignty doctrine, the Double Jeopardy clause does not prohibit successive prosecutions by separate sovereigns. *See Gamble v. United States*, 139 S. Ct. 1960, 1980 (2019). As a result, actions taken by the State of Tennessee have no effect on whether the Government can pursue federal charges against Petitioner. Second, even if the original indictment was somehow defective, Petitioner pleaded guilty to possessing a firearm in connection with a drug-trafficking offense pursuant to a superseding information after waiving his right to have that charge presented to a grand jury. Under these circumstances, Petitioner has not demonstrated that his counsel's performance fell below an objective standard of reasonableness.[4]

## IV.  CONCLUSION

For the reasons stated herein, Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1 in Case No. 1:20-cv-64; Doc. 57 in Case No. 1:18-cr-67) is **DENIED**. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

---

[4] Petitioner also appears to argue that dismissal of the state charges means that the Government did not have probable cause to indict him and that the Court lacked subject-matter jurisdiction over his case. (*See* Doc. 1 in Case No. 1:20-cv-64, at 13–14.) This argument similarly fails because how the state disposed of a case based on the same underlying facts has no impact on his federal prosecution. *See Gamble*, 139 S. Ct. at 1980.

and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**